## STATE vs. CHARLES SCOTT.

*Criminal Law—Assault—Assault with Intent to Commit Murder—*
*Intent ; How proved—Evidence—Murder—Malice ; How*
*proved—Hue and Cry—Court of General Ses-*
*sions ; Jurisdiction of—Assaults Com-*
*mitted in City of Wilmington—*
*City charter—Reason-*
*able Doubt.*

1. In order to convict the prisoner charged with an assault with intent to commit murder, it is necessary for the State to satisfy the jury beyond a reasonable doubt that the assault was committed by the prisoner; that it was committed with an intent to murder the person assaulted, and that if the person assaulted had died from the effects of the injuries received the assailant would have been guilty of murder.

2. The intent to commit murder is an essential ingredient of the charge and it must be proved to the satisfaction of the jury just as any other material fact in the case. But inasmuch as such intent can rarely be proved by direct evidence, such as the confession or declaration of the prisoner, and must ordinarily be proved, if proved at all, by indirect or circumstantial evidence, it is the duty of the jury to consider all the other facts proved in order to determine whether such intent existed or not. In determining such fact they may consider the character of the assault, the kind of weapon used, the danger of prodcing death, the means used to avoid or cause death and all the acts and conduct of the defendant, with the circumstances attending them, as shown by the evidence.

3. Malice may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life. The deliberate selection and use of a deadly weapon has been held to be evidence of malice.

4. The principle of law applicable to the case where one suspected of having committed a felony, while being pursued by persons under a hue and cry, is shot by someone with the belief that he could not be otherwise taken; *held* not to be applicable to the facts in this case.

5. Whenever the Court of General Sessions has jurisdiction of a case of assault with intent to commit murder, and the jury are not satisfied from the evidence that there was such an intent, they may nevertheless find a verdict of guilty of an assault only, if the evidence should justify them in so doing, even though the assault was committed within the limits of the city of Wilmington. The general statute (*Rev. Code, page 979, Sec. 20,*) is not affected by *Section 15 of the City Charter page 38.*

6. Reasonable doubt defined.

(*February 19, 1904.*)

LORE, C. J., and PENNEWILL AND BOYCE J. J., sitting.

*Herbert H. Ward,* Attorney-General, and *Robert H. Richards,* Deputy Attorney-General for the State.

*Horace G. Eastburn* and *Sylvester D. Townsend, Jr.,* for the defendant.

Court of General Sessions, New Castle County, February Term, 1904.

ASSAULT WITH INTENT TO COMMIT MURDER.

The testimony adduced at the trial tended to show that on the evening of Ju.y 4, 1903, between eight and nine o'clock, the defendant, and a number of others consisting of white and colored men, were gathered under or near an electric arc light in front of the Madison Street Station of the P., B. & W. Railroad, in the city of Wilmington, where they were then, or had been, engaged in a game of crap ; that a man approached the crowd from the direction of Wilmington and stated that he had been robbed of $15 or $20 by two men up the railroad track and that if those at the Madison Street Station would go with him and help him to recover the money they could have half of it or all of it ; that several of those present, including the defendant (who was the first one to leave), went with the man, and as they approached several freight cars which were diagonally across the track from the Madison Street Station, the man who had been robbed cried out, "There he is ;" that thereupon, a man who proved to be the prosecuting witness Wofneski, ran out from behind the car, and the defendant Scott shouted to him to stop, and that possibly others might have told him to halt ; that Wofneski continued to run and Scott fired four

or five shots at him, three of which took effect,—one in the chest, one in the back and one in the forearm ; that he continued to run until he reached a bridge covering a sewer just below the Madison Street Station where he fell, and the man who claimed he had been robbed came up and said that he was not the man who robbed him. The defendant denied that he did the shooting and also claimed that he had no revolver with him at the time.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—Charles Scott, the prisoner at the bar, is charged in this indictment with having committed, on the fourth day of July last, in this city and county, an assault upon one Ignos Wofneski, the prosecuting witness, with intent him, the said Wofneski, to murder.

This charge embraces not only an assault, which has been defined to be an attempt by force and violence to do an injury to the person of another, but embraces also an intent to commit murder.

In order to convict the prisoner at the bar in manner and form as he stands indicted, it is necessary for the State to satisfy you beyond a reasonable doubt, that the assault was committed by the prisoner ; that it was committed with an intent to murder the person assaulted, and that if the person assaulted had died from the effects of the injuries received the assailant would have been guilty of murder.

The intent to commit murder is an essential ingredient of this charge, and it must be proved to your satisfaction just as any other material fact in the case. But inasmuch as such intent can rarely be proved by direct evidence, such as the confession or declaration of the prisoner, and must ordinarily be proved, if proved at all, by indirect or circumstantial evidence, it is your duty to consider all the other facts proved in the case in order to determine whether such intent existed or not. In determining whether there was an intent to commit murder, you may consider the character of the

assault, the kind of weapon used, the danger of producing death, the means used to avoid or cause death, and all the acts and conduct of the defendant, with the circumstances attending them, as shown by the evidence.

Counsel for the prisoner have asked us to charge you that before you can find the prisoner at the bar guilty of an assault with intent to commit murder, you must also find that had Wofneski died from the effects of the injuries received, the prisoner would have been guilty of the crime of murder. It is therefore, necessary for us to define to you briefly the crime of murder. But we do not think it necessary to define the different degrees of murder under our statute; for whether the crime, if it had been completed by the death of the victim, had been murder of the first or second degree, would be immaterial, as either would meet the requirements of our statute and would justify a verdict of guilty of assault with intent to commit murder.

The crime of murder is the unlawful killing of a human creature in being, with malice aforethought, either express or implied. If the killing is proved, it must be also proved that it was done with malice either express or implied, before the person charged can be convicted of murder. But such malice may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life. The deliberate selection and use of a deadly weapon has been held to be evidence of malice; and where malice exists, together with the killing, the crime of murder is complete. If you believe that the crime of which the prisoner would have been guilty if the prosecuting witness had died from the injuries received, would be manslaughter, you could not find him guilty of the intent to commit murder, for in manslaughter there is no malice. Whether there is any evidence in this case to satisfy you that there was malice, either express or implied, is a question for you to determine.

We have also been asked by defendant's counsel to charge you that if you find from the evidence that Wofneski, while suspected

of having committed a felony and while being pursued by persons who had raised a hue and cry, was shot by someone with the belief that he could not be otherwise taken, the person doing the shooting is protected by the law and cannot be convicted of an assault with intent to commit murder.

While expressing no opinion upon this proposition as a correct statement of the law in a proper case, we cannot charge you as requested therein, for the reason that we think the principle sought to be invoked is not applicable to the facts of this case.

Again, we have been asked by defendant's counsel to charge you that if you are satisfied that there was an assault, but there was not an intent to commit murder, you must bring in a verdict of not guilty, because the Court of General Sessions has no jurisdiction to hear and determine cases of simple assault committed in the city of Wilmington.

We cannot charge you as requested in that prayer.    There is a general statute of this State (*Rev. Code, 979, Sec. 20*), which provides :  "Upon the trial of any person for any felony whatever, where the crime charged shall include an assault against the person, it shall be lawful for the jury to acquit of the felony and to find a verdict of assault against the person indicted, if the evidence shall warrant such finding," etc.    We think that this general statute is not in any way affected, modified or repealed with respect to assaults committed in the city of Wilmington, by *Section 15, of the City Charter, page 38.*    Whenever this Court has jurisdiction of a case of assault with intent to commit murder, and the jury are not satisfied from the evidence that there was such an intent, they may, nevertheless, find a verdict of guilty of assault only, if the evidence should justify them in so doing, even though the assault was committed within the limits of the city of Wilmington.

*State vs. Christie 2 Marvel, 443.*

We do charge you, that in every criminal case the defendant is presumed in law to be innocent until his guilt is established by

competent evidence. If after carefully and conscientiously considering and weighing all the evidence in the case, you should entertain a reasonable doubt of the guilt of the prisoner, that doubt must enure to his benefit, and your verdict should be not guilty. But we say to you that such a doubt must not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt, remaining in your minds after a careful consideration of all the evidence ; and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

If you are not satisfied from the evidence in this case, beyond a reasonable doubt, that the prisoner at the bar committed the assault upon the prosecuting witness, your verdict should be not guilty. If, however, you believe beyond a reasonable doubt that he did commit the assault, but are not satisfied that there was an intent to commit murder, your verdict should be not guilty in manner and form as he stands indicted, but guilty of assault only. But if you believe that the prisoner not only committed the alleged assault, but at the time of its commission it was his intention to murder Wofneski, and that had Wofneski died from the effects of the injuries received, the crime would have been murder, your verdict should be guilty in manner and form as he stands indicted.

Verdict, not guilty in manner and form as he stands indicted, but guilty of assault only.